Pace v Horowitz (2021 NY Slip Op 00392)





Pace v Horowitz


2021 NY Slip Op 00392


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 161206/18 Appeal No. 12951 Case No. 2020-02054 

[*1]Meghan Pace etc., et al., Plaintiffs-Appellants,
v
Steven A. Horowitz, Defendant, Henry Klosowski et al., Defendants-Respondents.


Blank Rome LLP, New York (Martin S. Krezalek of counsel), for appellants.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City (Marian C. Rice and Meredith D. Belkin of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about January 20, 2020, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff estate's fifth cause of action for legal malpractice and the beneficiaries' sixth cause of action for unjust enrichment against defendant law firm, unanimously affirmed, without costs.
The court correctly determined that plaintiffs failed to show that there is an issue of fact as to whether the legal malpractice claim was timely filed based on the application of the continuous representation doctrine toll (see Marzario v Snitow Kanfer Holzer & Millus, LLP, 178 AD3d 527, 528 [1st Dept 2019]). The continuous representation doctrine toll does not apply based merely on the existence of an ongoing professional relationship, but only where the particular course of representation giving rise to the particular problems resulting in the alleged malpractice is ongoing (see Matter of Lawrence, 24 NY3d 320, 341 [2014]; Williamson v PricewaterhouseCoopers LLP, 9 NY3d 1 [2007]). Here, while plaintiffs allege that defendant law firm provided continuing estate administration work as part of an ongoing professional relationship of estate administration, they do not adequately allege that the particular course of representation regarding the sale of estate assets in 2007, which gave rise to the malpractice allegations, continued through February 2015, so as to make the instant malpractice claim timely filed.
The court also properly dismissed the cause of action for unjust enrichment. The claim is redundant of the legal malpractice claim, inasmuch as they arise from the same allegations and seek identical relief (see RJR Mech. Inc. v Ruvoldt, 170 AD3d 515 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021